IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02416-RPM

CYNTHIA M. MARTINEZ,

    Plaintiff,

v.

JOHN E. POTTER, in his Official Capacity as Postmaster General of the U.S. Postal Service,

    Defendant.

___

ORDER FOR REVERSAL AND REMAND

___

Cynthia Martinez brought this action for judicial review under 5 U.S.C. § 7703(c) of a final decision of the Merit Systems Protection Board (MSPB) affirming her termination of employment with the United States Postal Service, effective January 26, 2007. She held the position of Customer Service Supervisor, EAS-17 at the Montclair Station in Denver, Colorado. The MPSB affirmed the removal on the basis of a decision of an Administrative Judge (AJ), dated July 20, 2007. After reviewing the administrative record, this Court finds that the decision is arbitrary, capricious, an abuse of discretion and unsupported by substantial evidence. Accordingly, it is reversed.

Ms. Martinez started work for the USPS as a janitor in 1986. She became a letter carrier and worked her way up to the supervisor position. Her immediate superior was Christine Grant. Ms. Martinez and Ms. Grant had a disagreement on October 6, 2005, about a Letter of Instruction addressed to Ms. Grant, who blamed Ms. Martinez for the failure to complete required forms. Ms. Martinez refused to accept responsibility and there was an argument in the presence of other workers.

Ms. Grant then changed the work schedule for the plaintiff which she complained about in an e-mail communication to Mr. Gregory Christ, manager of customer operations, on October 20, 2005. Other matters were included in that communication. On the following day, Mr. Christ met with Ms. Grant, Ms. Martinez and her union representative. Only the schedule change was discussed. After the meeting, Ms. Martinez talked further with Mr. Christ who said that the relationship between Ms. Grant and Ms. Martinez could not be repaired. At that time Ms. Martinez disclosed that in August, 2005, she and Ms. Grant had filled out VOE survey forms meant for their subordinate employees and designed to obtain their opinions on matters relating to their work, including their treatment by supervisors. The results of such opinion surveys may provide bonus payments for the supervisors. Mr. Christ reported this information to his superior and an investigation by the Office of Inspector General ("OIG") was initiated. That included a polygraph test voluntarily taken by Ms. Martinez on November 22, 2005. The examiner's report expressed the opinion that she was truthful.

Mr. Christ conducted part of the investigation, including interviewing Ms. Martinez. On August 11, 2006, Mr. Christ completed a supervisor worksheet requesting removal of the plaintiff. Another worksheet requested Ms. Grant's removal. Ms. Martinez was removed by a letter dated January 19, 2007, from Joseph Jenkins, Human Resources Manager. Although other matters were included in the investigation, the removal decision was based on a charge of intentionally falsifying VOE surveys to defraud the agency.

The only evidence to support that charge is the plaintiff's own admission first made to Mr. Christ at the October 21, 2005, meeting. Ms. Martinez has consistently explained that she saw Ms. Grant falsifying forms, and when asked about it, Ms. Grant

responded with "how do you think we got our checks last quarter" and forced the plaintiff to participate by threatening her. Ms Martinez said she filled out only one and one-half forms. There has been no contradiction of that version of the event and that is what she said during the polygraph examination. There is no evidence to support a finding that Ms. Martinez was motivated by any intent to obtain a bonus or to deceive the agency.

To remove an employee with more than 20 years of loyal service for falsifying one and a half employee opinion survey forms, whatever her motivation, is a disproportionate and unfair penalty under the prevailing administrative law. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). To discredit and reject the plaintiff's explanation of her conduct as coerced is arbitrary and capricious and an abuse of discretion.

Upon the foregoing, it is

ORDERED, that the removal decision is reversed and the United States Postal Service is ordered to reinstate Cynthia M. Martinez to her position with an award of lost pay and benefits.

Dated: March 16th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge